**Tara JOYCE, Plaintiff-Appellant,**

v.

**John G. MAVROMATIS; George Mavromatis; City of Wintersville, Ohio; Victor Calabrese, Defendants-Appellees.**

**No. 84–3509.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 13, 1986.

Decided Feb. 10, 1986.

James D. McNamara (argued), Louis A. Jacobs, Columbus, Ohio, for plaintiff-appellant.

Thomas S. Wilson, Steubenville, Ohio, William Farrall, Paul Donohue (argued), Cleveland, Ohio, for defendants-appellees.

Before MERRITT and WELLFORD, Circuit Judges, and EDWARDS, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this action under 42 U.S.C. § 1983, defendants Calabrese and G. Mavromatis are the Police Chiefs of Wintersville and Steubenville, Ohio, respectively. Plaintiff alleges that she was injured in an automobile intersection accident in Wintersville caused by the Steubenville Chief's son, John. She filed a § 1983 complaint alleging that the defendants, acting in concert, sought to defeat her state court damage suit by revoking a traffic citation issued to the son in Wintersville in connection with the accident and by altering the police report filed by the Wintersville police officer who investigated the accident and by having new lines painted on the street at the intersection. District Judge Duncan granted defendants' motion to dismiss for failure to state a constitutional claim. On appeal plaintiff argues these constitutional claims: (1) that such conduct by state actors for the purpose of obstructing justice in the state courts constitutes a violation of the First Amendment by denying access to the state courts and hence abridges her right to petition for redress of grievances; (2) that the conduct constitutes a deprivation of a property interest without procedural due process of law; and (3) that the conduct denied her equal protection of the law.

The procedural due process claim must fail under *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), because there is no allegation or showing that the state's judicial process does not provide fair procedures which would remedy the wrong alleged, if proved. *See also Vicory v. Walton,* 721 F.2d 1062 (6th Cir.1983). In order to make out an equal protection claim for denial of access to courts, the discrimination must be based on poverty, *see, e.g., Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (indigent criminal appellants must be given free transcript), or race, or some other unreasonable classification. The equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment. The equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class receiving better treatment than a plaintiff who alleges tortious injury.

The First Amendment access-to-the-courts claim does not state a cause of action either. The plaintiff has the right under Ohio law to file her damage suit and to offer proof about the accident and the alleged destruction of relevant evidence. If she is able to prove that the Police Chief's son and his confederates undertook to destroy evidence of the son's negligence as a driver, there is no reason to believe that an Ohio court and jury would be unavailable and would not do justice between the parties. Rather than having denied access, the defendants have opened themselves to punitive damages and converted a small claims matter into a significant case, albeit not a federal case.

In affirming the District Court's dismissal, we agree with Judge Duncan that the conduct alleged, if true, is reprehensible. Plaintiff should have an opportunity to pursue her claim in state court. The pendent state claims alleged in Count II of the complaint are dismissed without prejudice to the plaintiff's right to pursue them in state court, and our ruling on the federal constitutional claim should not be interpreted for purposes of res judicata as an adjudication of any issues arising under state law.

Accordingly, the judgment of the District Court is affirmed.