827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth David CALEY, Plaintiff-Appellant,
v.
Robert BROWN; William Hudson, Defendants-Appellees.
 No. 87-1130
 United States Court of Appeals, Sixth Circuit.
 August 27, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, JR., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a former Michigan prisoner now imprisoned in Florida. On December 16, 1986, the plaintiff filed a 42 U.S.C. Sec. 1983 action against the Director of the Michigan Department of Corrections and the Chairman of the Michigan Parole Board. In his complaint, the plaintiff alleged that the defendants had violated his procedural due process rights by their failure to return him to Michigan.
 
 
 3
 The plaintiff had earlier in 1985 escaped from prison in Michigan. He was subsequently arrested in Florida on November 18, 1985, on charges of grand theft. Following his arrest in Florida, Michigan authorities on November 19, 1985, filed a fugitive from justice detainer-warrant with the Florida corrections authorities. The plaintiff pled guilty to the Florida charges on February 7, 1986; and he was sentenced to five years imprisonment to be served concurrently with his Michigan sentence. In view of these events, plaintiff argued that the defendants' failure to require his immediate extradition violated the Michigan Uniform Criminal Extradition Act, Mich. Comp. Laws Ann. Secs. 780.1-.45.
 
 
 4
 Without serving the complaint, the district court entered an order which dismissed the plaintiff's complaint as frivolous under 28 U.S.C. Sec. 1915(d). The plaintiff filed a timely notice of appeal to this court.
 
 
 5
 Having reviewed the record and the arguments raised by the plaintiff, we affirm the dismissal of the plaintiff's complaint. An action is frivolous and may properly be dismissed under Sec. 1915(d) if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983).
 
 
 6
 The plaintiff's claim against defendant Brown fails to state a cognizable claim. To state a recoverable claim against a supervisor such as Brown, the plaintiff must at a minimum allege some direct causal link between his acts and the challenged constitutional acts of his employees. Hayes v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982). The doctrine of respondeat superior in which liability arises solely from the employer-employee relationship does not apply in Sec. 1983 actions. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Because the plaintiff has not alleged and causal link between defendant Brown's acts and plaintiff's injury, the plaintiff has failed to state a claim against Brown.
 
 
 7
 While, contrary to the district court's conclusion, defendant Hudson is not entitled to absolute immunity, see Adams v. Keller, 736 F.2d 320 (6th Cir. 1984), the remainder of appellant's action is likewise frivolous. To state an actionable claim for a procedural due process violation, the plaintiff must demonstrate that a random deprivation of his liberty or property occurred which could not have been anticipated by the defendants and that no adequate state remedies are available to redress the alleged wrong. Parratt v. Taylor, 451 U.S. 527 (1981). By failing to demonstrate a liberty interest in immediate extradition or to plead and prove the inadequacy of Michigan post-deprivation remedies if such an interest did exist, the plaintiff has failed to state a cause of action on which relief can be granted. See Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986); Joyce v. Mauromatis, 783 F.2d 56 (6th Cir. 1986); Wilson v. Beebe, 770 F.2d 578, 583-84 (6th Cir. 1985) (en banc).
 
 
 8
 Accordingly, the order of the district court as entered on January 16, 1987, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.