842 F.2d 332
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie W. McGINNIS, Plaintiff-Appellant,
v.
Joe WOODS, Defendant-Appellee.
 No. 87-2080.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner seeks appointment of counsel and appeals the judgment of the district court dismissing his 42 U.S.C. Sec. 1983 civil rights complaint. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff alleged that his fifth and fourteenth amendment due process rights were violated when he was deprived of both his liberty interest in remaining in the general prison population for one day and of his property interest in his prison laundry job. The district court concluded that the plaintiff failed to state a claim upon which relief could be granted and also denied plaintiff's motion to file a lengthy amended complaint.
 
 
 3
 Upon review we conclude that the plaintiff failed to state cognizable claims under section 1983. Plaintiff's claim that his release from disciplinary detention was one day late at most alleges mere negligence on the part of prison officials and is therefore insufficient to invoke due process protection. See Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986); Jones v. Sherrill, 827 F.2d 1102 (6th Cir.1987); Nishiyama v. Dickson County, Tenn., 814 F.2d 277 (6th Cir.1987) (en banc).
 
 
 4
 Plaintiffs claim that he was wrongfully deprived of his state-created property interest in his prison laundry job is also without merit because plaintiff failed to plead and prove the inadequacy of state remedial procedures for the alleged random and unauthorized deprivation. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 5
 Finally, we conclude that the district court did not err in denying plaintiff's motion to amend his complaint. The district court carefully considered the pending motion to amend before dismissing the complaint; it therefore did not abuse its discretion.
 
 
 6
 Plaintiff's remaining arguments, being asserted only in his motion to amend the complaint or for the first time on appeal, are not reviewable by this court.
 
 
 7
 Accordingly, plaintiff's motion for appointment of counsel is denied. The judgment of the district court dismissing plaintiff's suit is affirmed for these reasons and for the reasons set forth in the order and opinion of the district court entered October 8, 1987. Rule 9(b)(5), Rules of the Sixth Circuit.