856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jessie D. MCDONALD, Plaintiff-Appellant,
v.
Brian TOBEY, Sgt.; the Metropolitan Airport Authority; the
Metropolitan Government for the City of Nashville
& Davidson County, Tennessee,
Defendants- Appellees.
 No. 88-5211.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1988.
 
 1
 Before KEITH and DAVID A. NELSON, Circuit Judges and PATRICK J. DUGGAN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This pro se Tennessee state resident appeals the district court's judgment sua sponte dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Seeking monetary relief, plaintiff brought this 42 U.S.C. Sec. 1983 action alleging that the defendants violated his fourth amendment rights by subjecting him to false arrest, false imprisonment and malicious prosecution. At the time of the events leading to this lawsuit, plaintiff was a cab driver, and defendant Tobey was a security officer with the Nashville Airport. Plaintiff was apparently slow in responding to Tobey's directive to move his illegally parked cab. As a result, plaintiff was issued a parking citation and was arrested for assault and battery and resisting arrest. Upon the magistrate's recommendation, the district court dismissed the complaint over plaintiff's objections.
 
 
 5
 We affirm the district court's judgment for the reasons stated by it and for certain additional reasons. The district court properly dismissed the due process claims because plaintiff failed to allege that his state tort remedies of false arrest, false imprisonment and malicious prosecution were inadequate to redress his alleged wrongs. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986)
 
 
 6
 We also conclude that plaintiff failed to state a claim for deprivation of any other rights because the circumstances surrounding this case simply do not reflect an intentional or egregious abuse of government power so as to give rise to a constitutional claim under 42 U.S.C. Sec. 1983. See Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 198 (6th Cir.1987).
 
 
 7
 Finally, plaintiff could not maintain suit against the airport or the county because he failed to allege that Tobey's conduct was taken pursuant to municipal policy or custom. See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation