911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HUGHES, Plaintiff-Appellant,
v.
C. AVERY, Defendant-Appellee.
 No. 89-2410.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1990.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 William Hughes, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Hughes sued a Michigan corrections official alleging that she took his typewriter without "a misconduct or notice of intent" and without holding a hearing in violation of his due process rights and a prison policy directive. Hughes alleged that this action was taken because of racial and religious discrimination. Hughes did not allege in his complaint the capacity in which the defendant was sued. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Hughes had not pleaded specific factual allegations sufficient to support his Sec. 1983 action.
 
 
 4
 Hughes reasserts his claim on appeal. Defendant has notified the court that she will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's judgment. The defendant, sued in her official capacity, is not subject to suit for monetary damages under Sec. 1983. See Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2311-12 (1989). Moreover, Hughes did not plead the capacity in which the defendant was sued as he was required to do. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Finally, we note that even if the typewriter had been wrongfully confiscated, the suit was still subject to dismissal for plaintiff's failure to plead and prove the inadequacy of state court remedies. See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation