920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Douglas THOMAS, Jr., Plaintiff-Appellant,
v.
Martin MAKEL, Warden, June Sundin, Nancy Gehringer, Staff
Members Assigned to Mail Duties, Defendants-Appellees.
 No. 90-1497.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Douglas Thomas, Jr., appeals from the district court's judgment granting the defendants' motion for summary judgment and denying the plaintiff's motion for summary judgment in this civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Thomas alleged that the defendants, the warden and two staff members at the Michigan Dunes Correctional Facility in Holland, Michigan, intentionally, willfully and wantonly caused his legal document, relative to another pending civil suit, to be untimely sent to a district court, thereby denying his right to meaningful access to the courts. Specifically, Thomas alleged that defendants Sundin and Gehringer refused to accept the legal document which he had sent, after it was returned to the prison facility for insufficient postage, thereby causing his document to be placed in a "dead letter" unit of the postal service and causing his lawsuit to be dismissed without consideration of his objections to the district court's order of June 8, 1989.
 
 
 3
 Upon review, we conclude that the district court properly granted the defendants' motion for summary judgment. That court found that the defendants presented sufficient evidence showing that they initially received only a notice that postage was due on the document. The document itself was not returned to the prison until much later. Because the notice did not give any indication that the postage due mail was legal mail, the defendants did not violate Thomas's right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 825 (1977).
 
 
 4
 Further, Thomas's argument that he was denied equal protection under the laws also fails. Thomas failed to allege that he was singled out as a victim of discriminatory treatment, in regard to enforcing the prison mail policy. Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 5
 Accordingly, Thomas's motions for a discovery order and the appointment of counsel are hereby denied. Further, the district court's judgment filed April 6, 1990, denying the plaintiff's motion for summary judgment and granting the defendants' motion for summary judgment, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.