924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse R. JACKSON, Plaintiff-Appellant,
v.
CLEVELAND STATE UNIVERSITY; Harbor Light Complex; Parkview
Apartments; Credit Bureau Service; Supreme Court
of the United States, Clerk's Office,
Defendants-Appellees.
 No. 90-3409.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1991.
 
 1
 Before BOYCE F. MARTIN, Jr., and BOGGS, Circuit Judges; and BELL, District Judge.*
 
 ORDER
 
 2
 Jesse R. Jackson appeals pro se from the district court's order dismissing his complaint, sua sponte, as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Jackson filed his complaint under 42 U.S.C. Sec. 1983, 5 U.S.C. Sec. 552 et seq. (the Freedom of Information Act), and various other federal statutes and rules. The defendants include Cleveland State University, two apartment complexes in Cleveland, Ohio, the Credit Bureau Service of Northeastern Ohio, Inc. and the clerk's office of the Supreme Court of the United States.
 
 
 3
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Jackson alleged that the Supreme Court Clerk's Office withheld information regarding any records that pertain to him, in violation of the Freedom of Information Act. Secondly, he charged the Salvation Army Harbor Light Apartment Complex with unlawfully withholding his personal possessions in an apartment from which he was evicted. Third, he alleged that Parkview Apartments and Credit Bureau Service discriminated against him by denying his application for residency based on a credit report by Credit Bureau Service. Finally, he charged the defendant Cleveland State University (CSU) with unlawfully dismissing him without a hearing or due process.
 
 
 5
 Upon review, we conclude that the district court correctly dismissed the complaint, sua sponte, as frivolous under the standard set forth in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1831 (1989) and 28 U.S.C. Sec. 1915(d). The record shows that two prior complaints by this plaintiff, filed in the same district court, involved the same allegations and issues Jackson now raises in regard to the defendant CSU. Thus, his claim against CSU is now barred under the doctrine of res judicata. White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986).
 
 
 6
 Jackson's claim against the United States Supreme Court is meritless, as the Freedom of Information Act is, by statute, expressly not applicable to courts of the United States. See 5 U.S.C. Sec. 551(b). Jackson's complaint against the Salvation Army Harbor Light Complex is not cognizable in his action filed in district court, as this alleged wrong has an appropriate available remedy in state court, i.e., an action for replevin. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 7
 Jackson's complaints against Credit Bureau Service and Parkview Apartments are without merit, in that his conclusory allegations that he was discriminated against are not supported by any alleged facts in his complaint. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Moreover, Parkview met any notice and hearing requirement that may have been necessary in response to Jackson's application for residency, pursuant to low-income housing laws. See 42 U.S.C. Secs. 1437d(c)(3) and 1437f. The district court's holdings on these issues satisfy the Neitzke standard. Finally, given the repetitious nature of Jackson's litigation, the district court's order referring all of Jackson's future complaints directly to a district court judge was a proper exercise of the district court's discretion. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order).
 
 
 8
 Accordingly, Jackson's request for counsel is denied, and the district court's order dismissing his complaint, sua sponte as frivolous, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation