925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Junior Ray HOSKINS, Plaintiff-Appellant, v
M.L. RISHI, Barlow, Dr., Mitchell Lawrence, Tom Gossum,
Helen Pratt, Diane Dooley, Losa Bone, Debbie
Knight, Mary Smith, Jo Carroll, Edna
Broadbent, Defendants-Appellees.
 No. 90-6024.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1991.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Junior Ray Hoskins, a pro se Kentucky prisoner, appeals the district court's judgment granting summary judgment for the defendants and dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On November 25, 1986, Hoskins was involved in a fight with another inmate who bit his little finger. Ultimately, a portion of the finger had to be amputated due to chronic osteomyelitis (an infection of the bone marrow or bone structures). Seeking monetary, declaratory and injunctive relief, Hoskins sued corrections and medical officials at the Kentucky State Penitentiary in their individual and official capacities alleging that they violated his eighth and fourteenth amendment rights. Specifically, Hoskins alleged: 1) that the defendants subjected him to cruel and unusual punishment for failing to have his finger examined by a specialist for several months; 2) that defendant guards violated his equal protection rights when they did not restrain the other inmate involved in the altercation; and 3) that defendant guards violated prison policy by only restraining Hoskins and for failing to wait for back-up assistance prior to intervening in the fight.
 
 
 4
 Defendants filed a motion for summary judgment and Hoskins responded. The district court granted the motion and dismissed the suit, finding that defendants were not deliberately indifferent to Hoskins' medical needs; that Hoskins' allegations were insufficient to state a claim for an equal protection violation as there was no evidence of discriminatory treatment; and that Hoskins' claim that the defendant prison guards violated prison policy when attempting to stop the fight was unsupported by the record. The court declined to exercise pendent jurisdiction and dismissed Hoskins' state law negligence claim without prejudice to his right to refile the action in state court. The court later granted Hoskins permission to proceed in forma pauperis on appeal.
 
 
 5
 On appeal, Hoskins reasserts his claims and moves for the appointment of counsel; he has filed a pro se brief. Defendants have notified the court that they will not be filing a brief.
 
 
 6
 Upon review, we shall affirm the district court's judgment as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The defendants were not deliberately indifferent to Hoskins' medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The record is replete with instances where Hoskins received medical attention for his finger. Hoskins argued that his finger could have been saved had it been x-rayed and attended to by a specialist earlier. Hoskins has not stated an eighth amendment violation as disagreements between him and his doctor regarding diagnosis and treatment are not actionable under Sec. 1983. Id. at 107. Nor does an allegation of medical malpractice state a constitutional claim. See Id. at 106.
 
 
 7
 Hoskins also argued that the defendant guards violated his rights when they restrained him and not the other inmate thereby allowing the other inmate to bite his finger. Hoskins has not stated an equal protection claim as he has not shown that the defendants' decision was based upon some sort of invidious classification. See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). Nor has Hoskins stated an eighth amendment claim. At best, Hoskins has alleged that the defendant guards were negligent in not separating the two combatants earlier and for not waiting for back-up. But even gross negligence is not actionable under Sec. 1983. McGhee v. Foltz, 852 F.2d 876, 881 (6th Cir.1988).
 
 
 8
 Finally, we conclude that Hoskins is not entitled to relief on his claim that the guards violated prison policy when breaking up the fight as a federal court should not second-guess actions taken by prison officials when dealing with a disturbance. See Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 9
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation