James Michael SCHORN, Plaintiff,

v.

Roger J. LAROSE and Jim Natouk, Defendants.

No. 93–72129.

United States District Court, E.D. Michigan, S.D.

July 27, 1993.

James Schorn, in pro per.

J. Russell LaBarge, Jr., St. Clair Shores, MI, for defendant Matouk.

Jacobs & Miller, Southfield, MI, for defendant LaRose.

### ORDER AND OPINION DISMISSING PLAINTIFF'S CASE

GADOLA, District Judge.

On May 21, 1993, plaintiff filed a complaint alleging that defendants violated his rights under 42 U.S.C. § 1983 by ticketing plaintiff for disobeying a stop sign, finding him guilty of said civil infraction, fining him $70.00 and assessing three points against his Michigan driver's license. Defendant LaRose was served with a copy of the complaint on May 23, 1993. Defendant Natouk was served May 24, 1993. On June 10, 1993, this court granted defendant Roger LaRose's *ex parte* motion for enlargement of time within which to answer the complaint.

Defendant Natouk filed an answer to the complaint on June 15, 1993. On June 30, 1993, plaintiff filed motion for leave to file amendment to the complaint, attaching thereto a copy of plaintiff's First Amended Complaint.[1]

Defendant LaRose filed a motion to dismiss on July 2, 1993. On July 9, 1993, defendant LaRose filed a motion to strike plaintiff's first amended complaint. On July 9, 1993, plaintiff filed a motion for order compelling defendant LaRose to provide answers to interrogatories. Defendant LaRose responded to that motion July 15, 1993 by requesting, *inter alia,* the court to issue a protective order. Plaintiff responded to defendant's motion to strike and motion for protective order by filing, on July 16, 1993, a motion to strike defendant's motion to strike and motion for "an order protecting the

---

1. While plaintiff's amended complaint is untimely under Fed.R.Civ.Proc. 15(a) because it is filed after the filing by defendant Natouk of a responsive pleading, the court nevertheless will consider the first amended complaint as a pleading responsive to the court's May 27, 1993 order to show cause. See discussion *infra.*

217

Plaintiff from the filing of frivolous or other improper pleadings, motions and sanction the attorney signing the pleading." [2]  Plaintiff's July 16, 1993 Motion at p. 2.

In his complaint, plaintiff claims that defendants' actions violated his "civil rights, including the right to due process and equal protection of the laws" because defendant Natouk, a police officer employed by the City of Harper Woods, issued "Plaintiff a ticket for an offense he lured Plaintiff to commit...." Defendant LaRose allegedly violated plaintiff's rights by finding plaintiff guilty of the infraction and imposing a fine.

On May 27, 1993, this court issued an order directing plaintiff to show cause why his complaint should not be dismissed as frivolous and therefore failing to state a claim upon which relief could be granted. In response, plaintiff filed two pleadings: an answer to the order to show cause, filed June 1, 1993; and an affidavit charging personal bias and prejudice on the part of this court and requesting assignment of a different judge.

## I. Plaintiff's Complaint

In his answer to the order to show cause, plaintiff argues that he "*has stated a claim* upon which relief *can and should* be granted." Plaintiff's Response (emphasis in original). Plaintiff goes on to demand

a jury trial on the issues of whether or not Defendant's [sic] operated a "stop trap", whether the Defendant's [sic] conspired to operate a stop trap and whether or not the State law that allows portions of fines, fees, costs, etc., to be applied to the State of Michigan Judicial Retirement fund/System is unconstitutional in that the existence of the system provides a possible incentive for Defendant to find the Plaintiff guilty in violation of Plaintiffs federally secured rights to due process and equal protection of the laws.

As a remedy for these alleged "violations," plaintiff requests the court to "issue a temporary restraining order, injunction and declaratory judgment."

**2.** Because the court will dismiss as frivolous plaintiff's complaint and first amended com-

A district court may dismiss a complaint under Fed.R.Civ.Pro. 12(b)(6) on its own motion. *Dodd v. Spokane County,* 393 F.2d 330, 334 (9th Cir.1968); *Tingler v. Marshall,* 716 F.2d 1109, 1112 (6th Cir.1983). However, prior to doing so, the district must: (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for dismissal. *Tingler,* 716 F.2d at 1112.

In this case the defendants have been served with the complaint. Defendant LaRose has moved to extend the time within which to answer the complaint until after the court has issued a final ruling on its order directing plaintiff to. show cause why the complaint should not be dismissed for failing to state a claim upon which relief can be granted. Defendant Natouk has answered plaintiff's complaint and requested therein, dismissal of plaintiff's complaint. Thus, all parties have been notified of the court's intent to dismiss the complaint *sua sponte* and all parties have been provided with an opportunity to respond to the show cause order.

For the following reasons, the court will dismiss plaintiff's complaint as failing to state a claim upon which relief can be granted. Plaintiff brings his action under 42 U.S.C. § 1983. That statute provides that

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

plaint, all remaining pleadings in the case are moot.

42 U.S.C. § 1983. To properly state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts which would support a finding that defendant has deprived him of a right secured by the Constitution and laws of the United States and that the defendant acted under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Plaintiff alleges that the defendants, acting under color of state law, deprived him of his civil rights, including the right to due process and equal protection of the laws by luring him and inducing him to commit a traffic offense and by finding him guilty of said offense. From his complaint, it appeared to the court that plaintiff was claiming that to have been unfairly entrapped into committing the civil offense of failing to stop at a stop sign. Plaintiff's allegation that defendant Natouk "issued Plaintiff a ticket for an offense he lured Plaintiff to commit," and that defendant LaRose found Plaintiff responsible for the alleged violation after protest from the Plaintiff that the officer was concealing himself behind a 'decoy' police vehicle," indicated to this court that plaintiff's claim rested not on a claim of innocence but rather on a claim of entrapment. However, in his response to the show cause order, plaintiff takes issue with the court's assessment of his complaint as containing an admission of guilt with respect to the civil infraction. Plaintiff makes clear in his response to the show cause that he intended to allege that he is innocent of the civil offense. Assuming plaintiff is innocent of the civil infraction, plaintiff still has failed to state a cognizable claim under 42 U.S.C. § 1983.

■ The Civil Rights Act was not intended to be a source of damage actions brought by disappointed litigants against judicial officers who may commit errors or irregularities while acting within the scope of their authority during the course of state court litigation. *Sarelas v. Sheehan*, 326 F.2d 490, 492 (7th Cir.1963), *cert. denied*, 377 U.S. 932, 84 S.Ct. 1334, 12 L.Ed.2d 296 (1964). The Supreme Court has extended absolute immunity to judges, legislators, and prosecutors when they are performing their respective judicial, legislative, and prosecuto-rial functions. *Princeton Community Phone Book, Inc. v. Bate*, 582 F.2d 706, 711 (3rd Cir.1978). In contrast, other governmental officials, such as defendant Natouk, enjoy only qualified immunity shielding them when they act reasonably and without malice. *Id.*

■ Thus, defendant LaRose is shielded from liability under 42 U.S.C. § 1983 because there is no factual allegation that would support a finding that he was acting in anything other than his judicial capacity in finding plaintiff guilty of a traffic offense. Without any factual allegation that would support a finding that defendant Natouk acted unreasonably and in bad faith in devising the stop trap and issuing plaintiff a summons for an alleged civil infraction, defendant Natouk also is shielded from liability.

■ Furthermore, the court finds that plaintiff has failed to allege facts which would support a finding that he was deprived of any federally protected right. Plaintiff specifically alleges that the due process and equal protection rights have been violated. There are two types of due process: procedural due process and substantive due process. While plaintiff does not specify which type of due process he was denied, the court finds no factual support for a denial of either type. The test for substantive due process claims is whether the defendants' conduct "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172–73, 72 S.Ct. 205, 209–10, 96 L.Ed. 183 (1952). An "egregious abuse of governmental power" may be sufficient to state a claim based on the violation of substantive due process. *Vinson v. Campbell County Fiscal Ct.*, 820 F.2d 194, 201 (6th Cir.1987).

■ Under no circumstances could an allegation of a "stop trap" designed, even conspiratorially, to result in the issuance of civil traffic summonses to drivers constitute conduct that shocks the conscience or is an egregious abuse of governmental power, at least where plaintiffs can point to no other invidious reason for the design of the stop trap, such as race or political beliefs or other status or conduct protected by the Constitution or federal statutes. *See McMaster v. Cabinet for Human Resources*, 824 F.2d 518, 523 (6th Cir.1987) (dismissal from employ-

ment without probable cause unactionable as 1983 due process claim where there is no claim of unconstitutional or illegal motivation for such action).

■ A procedural due process claim must be supported by factual allegations which would support a finding that the state's judicial process does not provide fair procedures which would remedy the wrong alleged, if proved. *Joyce v. Mavromatis,* 783 F.2d 56, 57 (6th Cir.1986). Plaintiff alleges no facts which would support a finding that he was denied due process. In fact, as far as the court can discern from the facts alleged by plaintiff, plaintiff has not attempted to appeal the decision of defendant Judge LaRose and consequently has as yet failed to exhaust the process provided him by the state courts.

■ Plaintiff's claim to a deprivation of equal protection of the laws also must fail. To state a claim under the Fourteenth Amendment's equal protection clause, a plaintiff must allege facts which would support a finding that he was a member of a protected class and that the action of defendants was directed toward plaintiff as a member of that class. *Id.* Plaintiff has made no allegation that he was a member of a protected class or that the defendants' actions were directed at him as a member of that class.

■ Plaintiff also alleges that the defendants "... conspired together to violate the Plaintiff's civil rights...." Because the court finds *supra* that plaintiff has failed to allege facts which would support a finding that his federally protected rights have been violated, the charge of conspiracy also fails. Conspiracy, by definition, is an agreement by two or more persons to commit an illegal act; one cannot conspire to do that which is not illegal.

Finally, plaintiff claims that there is a "state law allowing portions of civil fines to go into the Judicial Retirement System/fund" and that such law is "unconstitutional because it provides an incentive for Defendant to find the Plaintiff guilty" of the traffic offense. The court finds this allegation so attenuated as to be devoid of any merit under 42 U.S.C. § 1983.

■ Plaintiff's first amended complaint adds allegations that, *inter alia,* he was denied transcripts of the citation hearing, that when he asked to file an appeal bond he was directed to the wrong court, et cetera. None of the allegations in the first amended complaint are sufficient to establish a cause of action under federal law.

## II. Plaintiff's Allegations of Bias and Request for a Different Judge

Plaintiff charges that this court is personally biased against plaintiff and in favor of defendant LaRose because the latter is a state court judge. Plaintiff bases this allegation solely on the fact that this court issued an order to show cause which plaintiff apparently believes is unjust.

The federal statute dealing with the disqualification of a court states

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

■ A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, that is, a bias arising out of the judge's personal background and association, and not out of the judge's view of the law. *City of Cleveland v. Krupansky,* 619 F.2d 576, 578 (6th Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980).

220

Plaintiff alleges no facts which would support a finding that this court has a personal bias arising out of this court's personal background or association. In fact, this court holds no such bias. As made clear by plaintiff's use of the show cause as sole support for his claim of bias, plaintiff simply disagrees with this court's view of the law.

For the foregoing reasons, the court, on its own motion, will dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, and the court will deny plaintiff's request for assignment of a different judge.

### ORDER

Therefore, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED** with prejudice.

It is further **ORDERED** that plaintiff's request for assignment of a different judge is **DENIED.**

**SO ORDERED.**