38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wayne Earl LAFOUNTAIN, Plaintiff-Appellant,
v.
Lori SIMASKO, et al., Defendants-Appellees.
 No. 94-1382.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 Before: MILBURN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals a district court judgment granting summary judgment in favor of defendants and dismissing his complaint filed pursuant to 42 U.S.C. Secs. 1981 and 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment, and injunctive relief, Wayne LaFountain sued Robert Brown, the former Director of the Michigan Department of Corrections, and seven current and former employees of the Muskegon Correctional Facility (MCF) in their individual capacities. LaFountain claimed that: 1) the defendants conspired to have him transferred to another prison and to deprive him of his prison employment; 2) the defendants' actions were taken in retaliation against him for his exercising his First Amendment rights; and 3) the defendants discriminated against him on the basis of his race in violation of 42 U.S.C. Sec. 1981 and the Equal Protection Clause of the Fourteenth Amendment.
 
 
 3
 Upon review of LaFountain's motion for a preliminary injunction seeking a transfer from state to federal custody, the defendants' motion for summary judgment, and LaFountain's response, the magistrate judge recommended denying LaFountain injunctive relief and recommended granting defendants' motion for summary judgment. The district court adopted the report and recommendation over LaFountain's objections.
 
 
 4
 In his timely appeal, LaFountain reasserts his claims and additionally argues that the district court abused its discretion by failing to order discovery with respect to the termination of his employment.
 
 
 5
 The court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 6
 Upon review of the record before the court, we conclude that the district court properly granted summary judgment in favor of the defendants for the reasons set forth in the district court's memorandum opinion dated March 31, 1994. In addition, we find no abuse of the district court's discretion.
 
 
 7
 Initially, we note that LaFountain did not object to the magistrate judge's recommendation that his motion for a preliminary injunction transferring him from state to federal custody be denied. Thus, appellate review of this issue is waived pursuant to Thomas v. Arn, 474 U.S. 140, 155 (1985). In addition, in his objections to the magistrate judge's report and recommendation, LaFountain expressly disavowed any argument that he lost his prison job in violation of due process of law, or that he was transferred in violation of due process of law. Thus, the district court did not consider the argument, and it is considered abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Thus, only claims enumerated 2 and 3 need be addressed by the court.
 
 
 8
 In addition, it is noted that LaFountain's request for injunctive and declaratory relief is moot. LaFountain sought injunctive and declaratory relief against the defendants for numerous actions at MCF which allegedly perpetuate "racial favoritism" at the prison in favor of black prisoners over white prisoners. The defendants showed that LaFountain was transferred to another prison. A transfer to another prison moots a prisoner's request for injunctive and declaratory relief. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). The record before this court reveals that LaFountain is no longer incarcerated at MCF, but is now incarcerated at the Gus Harrison Correctional Facility at Adrian, Michigan. There is no indication that the acts of which LaFountain complained are capable of repetition yet evading review. See Preiser, 422 U.S. at 402-03. His claims for injunctive and declaratory relief are thus moot.
 
 
 9
 The district court properly granted defendants summary judgment on LaFountain's claim of retaliation. The defendants met their burden of showing an absence of evidence to support LaFountain's claim of retaliation. LaFountain claimed that the defendants retaliated against him for filing prison grievances. A First Amendment violation is asserted if an inmate claims he was transferred in retaliation for exercising his constitutional rights. Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987). LaFountain's argument is specious and illogical as, if anything, he was benefitted and not harmed by the defendants' actions. The defendants submitted evidence that LaFountain was transferred to a lower custody level to make a space available at MCF for a prisoner needing a level three placement. Hence, LaFountain was not harmed and defendants' conduct undermines any inference of retaliation.
 
 
 10
 The district court properly granted defendants summary judgment on LaFountain's claim of racial discrimination because LaFountain simply did not state a valid claim. LaFountain claimed that he was treated differently than other prisoners on the basis of his race and thus was denied equal protection of the law under the Fourteenth Amendment. It is incumbent on one asserting a Fourteenth Amendment equal protection claim to prove the existence of some purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). LaFountain must establish that a state actor intentionally discriminated against him because of his poverty, race, or some other unreasonable classification. Joyce v. Mavromatis, 783 F.2d 56 (6th Cir.1986).
 
 
 11
 In the present case, LaFountain did not allege facts which could support an equal protection claim because he did not identify any suspect class, nor did he cite a particular prison regulation that is being selectively applied to his disadvantage. See Ustak v. Firman, 781 F.2d 573, 576 (7th Cir.), cert. denied, 479 U.S. 824 (1986). LaFountain, who is white, merely alleged certain instances of "racial favoritism" where black inmates were allowed to cut into the meal line, engage in sex and use drugs, and receive items from the prisoner store at no cost. LaFountain's equal protection claim fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment. Joyce v. Mavromatis, 783 F.2d at 56.
 
 
 12
 Finally, the district court did not abuse its discretion by denying LaFountain's motion to depose State Police Detective David Ackley. The scope of discovery is within the sound discretion of the trial court. United States v. Guy, 978 F.2d 934, 938-39 (6th Cir.1992).
 
 
 13
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the court's memorandum opinion dated March 31, 1994. LaFountain's motion to reconsider the order denying his motion to strike appellees' brief is denied.