48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 WOODPOINTE INN ASSOC., L.P., et al., Plaintiffs-Appellant,
v.
CITY OF HARPER WOODS, et al., Defendants-Appellees.
 No. 93-2266.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1995.
 
 Before: KEITH and NELSON Circuit Judges, and HORTON, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiffs-Appellants, Thomas A. Handlos ("Handlos"), Lucille Handlos, and Woodpointe Inn Associates ("Woodpointe," collectively "Appellants") appeal from the district court's order granting summary judgment in favor of the City of Harper Woods ("City") and its co-defendants (collectively "Appellees"). For the reasons that follow we AFFIRM.
 
 I. STATEMENT OF CASE
 
 2
 This Sec. 1983 action arises from a local land use dispute. Appellants sought to build a hotel on a vacant commercial lot, located near I-94 in the City of Harper Woods. Appellants were required by City Ordinance to obtain a special use permit before construction of the hotel could begin. In May 1991, such special use permit was granted, provided certain conditions were met by Appellants.
 
 
 3
 Appellants failed to commence construction under the terms set forth in the permit. The City denied their request for an extension of time to complete construction. In October 1992, the City denied Appellants' reapplication for a special land use permit. Appellants thereafter, on October 5, 1992, filed a complaint in district court against the City alleging six counts: 1) a taking of property without just compensation; 2) violation of their right to equal protection under the law; 3) violation of their right to substantive due process; 4) deprivation of procedural due process; 5) unconstitutional application of municipal ordinances; and 6) conspiracy.
 
 
 4
 Defendants filed a Motion to Dismiss for failure to state a claim. On March 2, 1993, an Order was entered by Judge Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, granting Defendant's Motion, in part, and dismissing Counts I, IV, V and VI. The remaining claims for violation of Appellants' right to equal protection and substantive due process, under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Sec. 1983, were not dismissed pending discovery.
 
 
 5
 In July 1993, after discovery was completed, Defendants filed a Motion for Summary Judgment regarding the remaining two claims. Judge Friedman heard oral argument from both parties on August 31, 1993, and granted the Defendants' Motion for Summary Judgment on the remaining claims of substantive due process and equal protection violations.
 
 
 6
 This timely appeal followed.
 
 II. FACTS
 
 7
 Handlos purchased a vacant parcel of land (the "Property") in the City in March 1981, with the stated purpose of constructing a hotel thereon. The Property at all relevant times was zoned for commercial development. Appellees assert, without dispute, that under Section 10.164 of the City Zoning Ordinance, hotels are permitted in a general business district only after special approval, making the grant of a special use permit discretionary, rather than mandatory. Between 1981 and 1991 Handlos approached the City on numerous occasions proposing various development options for the Property.
 
 
 8
 In January 1985, Plaintiff's requested a special land use permit to develop the hotel. The permit was denied because the site plan, according to the City, did not comply with the requirements of the City's zoning ordinance. In December of that year, the City Council rejected a second request for essentially the same reasons as the first denial.
 
 
 9
 In 1986, Appellants submitted a proposal to develop a two-story office building. The initial proposal was approved by the City Planner and the Planning Commission. Inexplicably, the project was never built. In 1988, Appellants submitted a plan for a thirty-eight unit senior citizen housing development. This project, too, was never initiated.
 
 
 10
 In July 1990, Appellants again sought a special land use permit to construct a hotel on the Property. The City Council ultimately voted to approve the special land use permit on May 6, 1991, subject to certain conditions. The conditions imposed by the City were not extraordinary.
 
 
 11
 After gaining approval, subject to the conditions, the Appellants failed to develop the property. In August 1991, Appellants sent a letter to the City indicating that the size of the project would be reduced. Even though Appellants were given a year, rather than the customary six-months to begin construction, no construction was started on the Property. On January 10, 1992, Appellants requested a one year extension of the time allowed to begin construction. This request was denied, and a subsequent request for an extension was denied.
 
 
 12
 With the deadline to begin construction fast approaching, Handlos began doing ground work on the Property. Mr. Handlos, the general partner of Woodpointe and sole known financier of the multi-million dollar project, began construction himself by wielding a sledge hammer in an effort to construct a curb cut. Appellees contend this activity brought into question his ability to properly finance the project.
 
 
 13
 Appellants' special land use permit expired on May 6, 1992. They were so notified in a letter that same day. Appellants reapplied for a special land use permit in June 1992. Prior to the City Council's determination of the latest request, Appellants filed suit in district court.
 
 III. DISCUSSION
 A. Standard of Review
 
 14
 This court reviews a district court's grant of summary judgment de novo. Kinnie v. U.S., 994 F.2d 279, 282 (6th Cir.1993). In reviewing a motion for summary judgment, we must consider the evidence in the light most favorable to the nonmoving party. Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Kinnie, 994 F.2d at 281.
 
 B. Equal Protection
 
 15
 Appellants correctly point out that the threshold element of an equal protection claim is disparate treatment. In order to establish an equal protection claim, Appellants must show that the alleged wrong was directed at them as a member of a class or group, singled out for discriminatory treatment. Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). Where there is no allegation that a fundamental right has been infringed upon or that Appellants belong to a suspect class, the Defendant's actions are subject to a rational basis test. Lakewood Ohio Congregation of Jehova's Witnesses, Inc. v. Lakewood, 699 F.2d 303, 308 (6th Cir.) cert. denied, 464 U.S. 815 (1983). Governmental entities are accorded wide latitude in regulation of their local economies. Curto v. City of Harper Woods, 954 F.2d 1237, 1244 (6th Cir.1992).
 
 
 16
 In order to prevail on an equal protection claim under Sec. 1983, the Appellants must establish that they were the victims of intentional or purposeful discrimination. See Gutzwiller v. Fenik, et al., 860 F.2d 1317, 1325 (6th Cir.1988). In the instant case, Appellants fail to bring forth any relevant evidence that Appellees intentionally discriminated against them.
 
 C. Substantive Due Process
 
 17
 Appellants next argue they were denied substantive due process. To prevail on a substantive due process claim, a plaintiff must show that the government entity is guilty of "arbitrary and capricious action in the strict sense." Pearson v. City of Grand Blanc, 961 F.2d 1211, 1221 (6th Cir.1992). This requires a showing that the decision rendered was without any rational basis. Id. The plaintiff must be able to demonstrate that the alleged irrationality of the City was such that it "shocks the conscience" of the court. Id. at 1222. Appellants make no allegations which can be said to "shock the conscience."
 
 IV. CONCLUSION
 
 18
 Upon careful review of the record, the briefs submitted by the parties and oral argument, we AFFIRM the decision of the Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, granting summary judgment in favor of Defendants-Appellees.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation