985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie R. ELLIS, Plaintiff-Appellant,
v.
Ronald MILLER, et al. Defendants-Appellees.
 Nos. 92-1795, 92-1940.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, a pro se Michigan prisoner, takes timely appeals from the dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983, and from an order granting taxation of costs pursuant to Fed.R.Civ.P. 54(b), and 28 U.S.C. § 1920. These two appeals have been consolidated. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff's complaint alleges: 1) racial discrimination, 2) retaliation for exercising free speech, 3) denial of timely medical treatment and proper medication, 4) denial of due process, 5) that prisoners are being fed food meant to be distributed to the needy, and 6) that the monies earned by the employees of Michigan State Industries ("MSI") are being misused. Plaintiff seeks injunctive relief.
 
 
 3
 Defendants Miller and Franco are supervisors at MSI. Defendant Jabe is the warden at the State Prison of Southern Michigan ("SPSM") where plaintiff is incarcerated. Defendant Boomershine is a clinic employee at SPSM. Defendant Polzien is a hearing officer at SPSM, and defendant McMillan is a hearing investigator at SPSM.
 
 
 4
 The district court dismissed the claims against Polzien and Boomershine and dismissed the claim of improper use of government food, all pursuant to 28 U.S.C. § 1915(d). Subsequently, the remainder of plaintiff's complaint was dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 56(c).
 
 
 5
 Pursuant to 28 U.S.C. § 1915(d), a claim may be dismissed as frivolous where the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. The standard of review is abuse of discretion. Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). We find no abuse of discretion.
 
 
 6
 Further, we conclude, upon de novo review, that plaintiff's claims against Boomershine and Polzien failed to state a claim under Fed.R.Civ.P. 12(b)(6). Plaintiff hints of a conspiracy of which Polzien and Boomershine are a part. Vague and conclusory allegations of conspiracy are insufficient to state a claim. Guinerrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Plaintiff's allegations against Boomershine of improper medication and the failure to treat in a timely fashion also failed to state a cause of action. Plaintiff made no claim of a medical emergency or cruel and unusual punishment. As to plaintiff's claim of improper food distribution, plaintiff has no constitutional right to food from a particular source.
 
 
 7
 The claims against McMillan and Jabe were dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Review is de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.1990), cert. denied, 111 S.Ct. 182 (1990). We find no error.
 
 
 8
 McMillan is accused of "backdating" certain documents that were part of plaintiff's misconduct hearing. Plaintiff alleges that he was denied due process of the law because of this. In a procedural due process claim it is the plaintiff's duty to allege or show "that the state's judicial process does not provide fair procedures which would remedy the wrong alleged, if proved." Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). Plaintiff did not plead or prove the inadequacy of state procedures, except to state that he would be retaliated against if he complained. Further, Michigan provides for post-hearing relief procedures. See MCL 791.255.
 
 
 9
 As to plaintiff's claims that funds at MSI are being misused, plaintiff sets forth no allegations that he is entitled to those funds. Further, in Michigan, "the state has the right to the fruits of an inmate's labor...." Manville v. Board of Governors of Wayne State Univ., 272 N.W.2d 162, 166 (Mich.App.1978).
 
 
 10
 Plaintiff's claims of discrimination (denial of equal protection) against Miller and Franco were dismissed pursuant to Fed.R.Civ.P. 56(b). Review is de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). We find no error.
 
 
 11
 In a motion for summary judgment, "the burden of the moving party may be discharged by 'showing'--that is pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Other than plaintiff's allegations and affidavit, he brought forth no proof of a violation of his equal protection rights. Plaintiff submits on appeal an affidavit of a fellow inmate, David Byrd, which plaintiff states is "newly discovered evidence." This affidavit, however, having not been presented to the district court, is not properly before this court. See Richardson v. Blanton, 597 F.2d 1078, 1079 (6th Cir.), cert. denied, 444 U.S. 886 (1979).
 
 
 12
 Plaintiff's claim of retaliation, though not directly addressed by the district court, suffers from the same weakness as his claim of denial of equal protection. Neither is supported by any evidence that would raise a genuine issue of material fact.
 
 
 13
 Plaintiff's motion to supplement the pleadings was properly denied by the district court. A motion to amend the complaint may be denied "if such complaint, as amended, could not withstand a motion to dismiss." Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir.1980). Plaintiff sought to add allegations of denial of access to the prison library. As the district court noted, however, the facts as set forth by plaintiff contradict his allegations.
 
 
 14
 Costs may be assessed "whether or not the claim was frivolous or simply unmerited." Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991). Plaintiff's failure to state a claim and his failure to create a genuine issue of material fact satisfy this panel that there was no abuse of discretion in assessing costs.
 
 
 15
 Accordingly, the orders of the district court partially dismissing plaintiff's complaint as frivolous, granting summary judgment, granting defendants' Fed.R.Civ.P. 12(b)(6) motion and assessing costs are all affirmed. Rule 9(b)(3). Rules of the Sixth Circuit.