1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Leo OSWALD, Plaintiff-Appellant,
v.
Judy M. COLE, Judicial Clerk, Defendant-Appellee.
 No. 93-1017.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1993.
 
 W.D.Mich., No. 92-00190; Gibson, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: GUY and NELSON, Circuit Judges and HOOD, District Judge.*
 
 ORDER
 
 4
 Robert Leo Oswald, pro se, appeals a district court judgment granting the defendant's motion to dismiss this civil rights case filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In his complaint, Oswald alleged that, subsequent to being found guilty of three criminal charges, he filed two motions with the 15th Circuit Court in Michigan, requesting a hearing pursuant to People v. Ginther, 212 N.W.2d 922 (Mich.1973). The state court's decision of Ginther provides that an indigent criminal defendant may have a hearing on the adequacy of his legal representation at his criminal trial. Oswald also requested a new trial. Upon receipt of these requests, an assignment clerk with the 15th Circuit responded to Oswald with a letter advising the prisoner that the judge with whom the motions were filed had been disqualified from hearing the motions and that the court was in the process of attempting to reassign these motions to another judge. Thereafter, defendant Cole, the Judicial Clerk for the 15th Circuit, wrote a letter to Oswald. The letter informed him that an attorney had been appointed for the appeal of his resentencing and that Oswald's letter requesting a date for the two motions was being returned so that he could confer with his appellate attorney regarding those motions.
 
 
 6
 The district court granted the defendant's motion to dismiss on the basis that Oswald had failed to state a claim under Fed.R.Civ.P. 12(b)(6). Whether a district court correctly dismisses a suit pursuant to Rule 12(b)(6) is a question of law subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). This court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador, 902 F.2d at 475; Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990). Although the court may not affirm dismissals based on a judge's disbelief of a complainant's factual allegations, Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir.1990), the court need not accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 7
 The record supports the district court's conclusion that the Judicial Clerk did not deny Oswald's motions, but was merely attempting to inform the prisoner of the status of his motions because of the delay which took place due to the sentencing judge's disqualification. Therefore, the due process claim lacks merit. Oswald's equal protection claim fails, because he has not shown that an allegedly discriminatory action was taken on the basis of poverty, race, or some other "suspect" classification. Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). Lastly, Oswald has not established that his efforts to gain access to the courts have been impeded by the defendant's actions. Walker v. Mintzes, 771 F.2d 920, 932 (1985).
 
 
 8
 Accordingly, the district court's judgment granting the defendant's motion to dismiss is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation