**Linzie GARDNER, Plaintiff,**

v.

**Clifford JOHNSON et al., Defendants.**

**Civ. A. No. 5–71959.**

United States District Court,
E. D. Michigan, S. D.

March 30, 1977.

Joseph C. Smith, Detroit, Mich., for plaintiff.

Paul D. Goodrich, Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

KEITH, Chief Judge.

▇ Plaintiff Linzie Gardner is presently a state prisoner at the Marquette Branch Prison, Marquette, Michigan. He brings this action under Title 42 U.S.C. § 1983 alleging a denial of his fourth and fourteenth amendment rights to the United States Constitution. Named as defendants are Perry Johnson, Director of the Michigan Department of Corrections, Charles Egeler, former warden of the State Prison of Southern Michigan at Jackson, Michigan,[1] (hereinafter SPSM), Doctor Fred Pesetsky, Director of the Psychiatric Clinic at SPSM and other corrections personnel working in the clinic. Defendants have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and have moved to set aside the default previously entered by this Court.[2] They supplement their motion with affidavits.

Plaintiff alleges that on March 23, 1974, while employed as an inmate nurse in the Psychiatric Clinic at the SPSM, he was placed in segregation as a result of a misconduct report. He alleges that during his absence defendant Clifford Johnson, a corrections specialist assigned to the clinic, entered his cell on a routine shakedown and removed his personal diary. Upon his return to the clinic two days later plaintiff was told that his diary had been taken and that it had been read by various clinic personnel. He was further informed that it has been turned over to the Director of the clinic and that he faced a hearing before the Clinic Action Committee. Plaintiff alleges that on the following day he spoke with Clifford Johnson and that defendant Johnson admitted taking the diary, reading it and turning it over to the clinic administration because it dealt with sexual matters. The same day plaintiff appeared before the Clinic Action Committee and was questioned about the contents of the diary. He was later informed that he would be removed from his work assignment at the clinic. Defendant Pesetsky, Director of the clinic, refused to return the diary and indicated that it would be kept for evidence.

Plaintiff's basic legal claim is that he was deprived of his property without due proc-

1. Warden Egeler passed away March 6, 1977. Pursuant to Rule 25(a) of the Federal Rules of Criminal Procedure, the Court orders that Charles Anderson, the new warden, be substituted as a proper party defendant.

2. Because the Court finds that plaintiff was not prejudiced by defendants' delay, defendants' Motion to Set Aside the Default is granted.

ess of law. He contends that the seizure and retention of his diary were in violation of the fourth and fourteenth amendments and that the use of his diary to dismiss him from his prison job was illegal. Plaintiff seeks declaratory and injunctive relief and both compensatory and punitive damages.

Defendants argue that the "diary" in question is merely a "Standard Office and Desk Diary" that is the property of the State. They contend that such notebooks are not distributed to inmates and are considered contraband when found in an inmate's possession. (Exhibit 1). Defendants also include a copy of the report of the Clinic Action Committee (Exhibit 2) which indicates that the purpose of the hearing was to determine plaintiff's fitness to continue as an inmate nurse at the clinic. The report indicates that plaintiff admits ownership of the diary and that the writing was his. Although plaintiff denied that the sexual encounters detailed in the diary concerned clinic patients, the Committee noted that the diary mentioned a last name identical to that of a clinic patient. Defendant Pesetsky, Clinic Director, states that he removed plaintiff from his job assignment on the recommendation of the Committee. (Exhibit 3). The Committee recommendation was based upon a prior misconduct report for plaintiff taking a clinic patient off the ward without authorization. It was also based in part on the contents of plaintiff's diary. (Exhibit 2).

■ When a Motion to Dismiss for failure to state a claim upon which relief can be granted refers to matters outside of the pleadings and those matters are considered by the court in its disposition of the motion, the proper standard to be applied is Rule 56 of the Federal Rules of Civil Procedure governing summary judgments. F.R.Civ.P. 12, 28 U.S.C.A. Rule 56 provides that the judgment sought shall be rendered if there is no genuine issue as to a material fact and the movant is entitled to the judgment as a matter of law. For the reasons stated in the following paragraphs the court grants defendants' Motion for Summary Judgment.

■ It is uncontroverted that plaintiff committed to writing his personal thoughts and actions. The receptacle containing these thoughts and actions, his "diary", was a standard desk diary belonging to the prison. Such an item is considered contraband in the hands of an inmate. Rather than challenging the search that led to the discovery of his diary, plaintiff contends that the confiscation of personal notes and diaries is only justified upon the showing of a compelling state interest and that the state must rationally justify denying a prisoner the fundamental rights of privacy inherent in the keeping of a diary. Although this Court has considered the plaintiff's arguments at great length, plaintiff cannot be accorded relief on the facts of this case. It is inescapable that the physical diary is the property of the state and that it is considered to be contraband in the hands of an inmate. As such, defendant Clifford Johnson did not act improperly when he seized it. Nor was it improper for him to turn it over to the administration of the clinic when he discovered that its contents related to the possible abuse of patients within the care of the clinic. Federal courts have traditionally been reluctant to interfere in the administration of state prisons absent a clear showing of constitutional deprivation. *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971); *Parker v. McKeithen*, 488 F.2d 533, 556 (5th Cir.), *cert. denied*, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974). Plaintiff has failed to make such a showing in the instant case. It is to be noted that such a showing might have been made had contraband not been involved and had the diary not been the property of the prison. The facts in the instant petition are not such however.

■ Prison inmates have no vested rights to particular job assignments and removal therefrom are matters of prison administration with which federal courts are loathe to interfere. Moreover, an inmate's expectation of keeping a particular prison job does not amount to a "property" or "liberty" interest entitled to protection under the due process clause. *Bryan v. Werner*, 516 F.2d 233, 240 (3rd Cir. 1975).

As such, plaintiff's removal from his job assignment on the psychiatric ward is not a cognizable claim under Title 42 U.S.C. § 1983. It should be further noted, however, that plaintiff was given the opportunity to speak with the Clinic Action Committee about his assignment as an inmate nurse in the clinic. Such a hearing fulfilled any due process requirements that may have been present when he was terminated from his work assignment.

The Court does not reach the merits of defendant's argument that defendants Perry Johnson and Charles Egeler should be dismissed from this action because the complaint failed to allege their personal involvement in the actions complained of.

Accordingly, IT IS ORDERED that the default entered in this cause be set aside and that summary judgment be awarded to defendants.