816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lindsey PEARSON, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Defendant,
Dale E. Foltz, Joseph G. Weinberg, Deputy Warden, Bernard
Tolland, Classification Director, Paul Wreford, College
Prison Program, Director, Janet Reynolds, Coordinator,
Jackson Community College, Defendants-Appellees.
 No. 86-1621.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit, and upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed.
 
 
 2
 Plaintiff, an inmate of the Northside Complex in Jackson, Michigan, filed this civil rights action pursuant to 42 U.S.C. Sec. 1983 alleging a deprivation of his constitutional rights as the result of the prison's employment practices and policies. The district court sua sponte dismissed defendant Robert Brown and denied plaintiff's motion to reconsider the order. Following a status conference and upon the motion of the defendants, the district court dismissed plaintiff's complaint and denied plaintiff's motion to amend as moot. Plaintiff requested reconsideration which was denied, and he appealed the final order of the district court.
 
 
 3
 The essence of plaintiff's claim is that he has a constitutionally protected right to a specific job assignment once he has been classified as eligible for that position. We must affirm the district court's dismissal because an inmate's expectation of obtaining or keeping a particular prison job does not amount to a property or liberty interest protected by the Constitution. Gardner v. Johnson, 429 F.Supp. 432, 434 (E.D. Mich. 1977). The due process and equal protection clauses are not implicated when a claim fails to allege a violation of a constitutionally protected right. Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975), citing Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972). Thus, plaintiff's claim is not cognizable under 42 U.S.C. Sec. 1983 and we affirm dismissal. Rule 9(b), Rules of the Sixth Circuit.