915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Matthew ADKINS, Plaintiff-Appellant,
v.
Joe ABRAMAJTYS, Michigan Department of Corrections, State of
Michigan, Thiele, R.U.O., Hubbell, R.U.M., Jack S.
Olphant, Jr., S. Waller, R.U.O.,
Defendants-Appellees.
 No. 90-1227.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Matthew Adkins, a Michigan prisoner proceeding pro se, appeals from the judgment of the district court awarding summary judgment in favor of defendants and dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Adkins brought suit alleging that his constitutional rights were violated because he did not get the prison job that he requested and because he was required to give numerous urinalysis specimens.
 
 
 3
 Upon consideration, we conclude that the district court correctly granted the defendants' motion for summary judgment as the record shows that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We affirm the district court's decision because an inmate's expectation of obtaining or keeping a particular prison job does not amount to a property or liberty interest protected by the Constitution. Gardner v. Johnson, 429 F.Supp. 432, 434 (E.D.Mich.1977). The due process and equal protection clauses are not implicated when a claim fails to allege a violation of a constitutionally protected right. Bryan v. Werner, 516 F.2d 233, 240 (3d Cir.1975), citing Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972). Thus, plaintiff's claim is not cognizable under 42 U.S.C. Sec. 1983.
 
 
 4
 Accordingly, we hereby affirm the judgment of the district court for the reasons set forth in the court's opinion dated January 25, 1990. Rule 9(b)(5), Rules of the Sixth Circuit. Plaintiff's request for counsel is denied.