9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David KECK, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Gene Borgert; Dr.
Harvey; Palmer, Deputy Warden, Defendants-Appellees.
 No. 92-2378.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1993.
 
 1
 Before: JONES and SILER, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner, David Keck, appeals from the district court's order dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $500,000 in damages, injunctive relief in the form of an order for back-pay, and reassignment to his prison job in the food services division, David Keck brought suit against the Michigan Department of Corrections (MDOC); Gene Borgert, Warden of the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan; Tony Palmer, Assistant Deputy Warden of JCF; and, Doctor Harvey, the prison's physician. Plaintiff alleged a violation of his constitutional rights under the Fifth and Fourteenth Amendments.
 
 
 4
 The facts underlying Plaintiff's complaint are not in dispute. Defendant Palmer removed Plaintiff from his assignment as a baker in the prison's kitchen on November 1, 1991. Palmer removed Plaintiff on the recommendation of Dr. Harvey. In a memo to Palmer, Dr. Harvey expressed his concerns about Plaintiff's assignment to food services, in light of Plaintiff's inability to manage his weight. The memo revealed that despite medical advice, a prescribed diet, and the services of a dietician, Plaintiff had steadily gained weight over the preceding six months. At that time (approximately October of 1991), Plaintiff weighed-in at 625 pounds. Dr. Harvey investigated the cause of plaintiff's weight gain and determined that Plaintiff's inability to manage his weight was due to his habit of eating while he worked. Dr. Harvey stated that he could no longer allow Plaintiff to disregard his health by continuing to gain weight. He recommended that Plaintiff be assigned to another job without direct food preparation duties. Based on Dr. Harvey's recommendation, Palmer removed Plaintiff from his job in the kitchen.
 
 
 5
 The district court dismissed the case against MDOC and Gene Borgert as frivolous, pursuant to 28 U.S.C. Sec. 1915(d). The complaint against Palmer and Dr. Harvey was submitted to a magistrate judge who recommended that Defendants' motions for summary judgment be granted. The district court adopted the magistrate judge's recommendations over Plaintiff's objections, and Plaintiff appealed.
 
 
 6
 Appellate courts review de novo a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 Upon review, we find no error. Plaintiff does not possess a constitutional interest in prison employment. Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987) (per curiam). Plaintiff alleges that he was denied due process by the defendants' refusal to allow him continued employment in the kitchen. However, an inmate's expectation of obtaining or keeping a particular prison job simply does not amount to a property or liberty interest protected by the Constitution. See Gardner v. Johnson, 429 F.Supp. 432, 434 (E.D.Mich.1977). Therefore, the Due Process Clause is not implicated when a claim fails to allege a violation of a constitutionally protected right. Bryan v. Werner, 516 F.2d 233, 240 (3d Cir.1975) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972)). Thus, Plaintiff's claim is not cognizable under 42 U.S.C. Sec. 1983.
 
 
 8
 Plaintiff alleges that he was denied equal protection of the law because Defendants discriminated against him on the basis of his weight. In order to state a claim for the denial of equal protection, Plaintiff must allege some wrong directed toward him as a member of a class or group singled out for discriminatory treatment. Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 9
 Plaintiff attempts to create a class of persons suffering from obesity as a group singled out for discriminatory treatment. However, the record clearly reveals that Plaintiff was not removed from his job because he is grossly overweight, but because he failed to lose or even maintain his weight while working in the prison's kitchen. His failure to maintain his weight, in turn, seriously endangered his health, according to the physician who is responsible for Plaintiff's health. Thus, Plaintiff cannot establish that he was discriminated against based on his membership in the class of obese people. His allegation is meritless.
 
 
 10
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation