42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norwood SEALS, Plaintiff-Appellant,
v.
Patricia L. CARUSO; Dave Hanner; Larry N. Porterfield;
Shirley A. Thomas, Defendants-Appellees.
 No. 94-1315.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals a district court judgment granting summary judgment to defendants and dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Norwood Seals sued the warden, the food service supervisor, a resident unit manager, and a corrections officer of the Chippewa Temporary Correctional Facility. Seals claimed that his constitutional rights were violated when he was issued a false misconduct ticket and later discharged from his prison job as a result of the misconduct ticket. More specifically, he claimed that: 1) he was denied equal protection of law because some white inmates had been found guilty of misconduct violations but had retained their kitchen jobs; 2) he was fired from his kitchen job without due process of law; and 3) the defendants retaliated against him for his exercise of his right to file a prison grievance.
 
 
 3
 Upon review of the defendants' motion for summary judgment and Seals's response, the magistrate judge concluded that Seals's allegations were without factual support, and thus recommended granting summary judgment for the defendants. The district court adopted the magistrate judge's report and recommendation over Seals's objections.
 
 
 4
 In his timely appeal, Seals reasserts that he was fired from his prison job without due process of law and that the defendants retaliated against him for exercising his right of access to file a grievance. He also argues that he should have been allowed to amend his complaint. He does not argue that he was denied equal protection of law.
 
 
 5
 Initially, we conclude that, as Seals does not reassert that he was denied equal protection of law, this issue is abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to defendants. This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 323. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252. Seals failed to meet this standard.
 
 
 7
 The defendants met their initial burden of showing an absence of evidence to support Seals's due process claim. The defendants showed that Seals was not denied due process of law because a liberty interest was simply not implicated in this case. Seals does not have a liberty interest in his prison job. Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987) (per curiam). Such an interest is not inherent in the Constitution, id., and relevant state law did not create such an interest, as there is no mandatory language in the relevant regulation restricting the prison officials' discretion in this regard. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). An inmate's expectation of obtaining or keeping a particular prison job simply does not amount to a property or liberty interest protected by the Constitution. See Gardner v. Johnson, 429 F.Supp. 432, 434 (E.D.Mich.1977).
 
 
 8
 In addition, the defendants met their burden of showing an absence of evidence to support Seals's claim because the state did not create a protected interest. Seals argues that prison policies used mandatory language creating a constitutionally protected liberty or property interest. A state statute or regulation creates a protected interest when it uses language of an unmistakably mandatory character, requiring that certain procedures shall, will, or must be employed. Hewitt v. Helms, 459 U.S. 460, 471 (1983). The policy directive in this case does not support Seals's claim. The policy (PD-BCF-41.01) provides that a prisoner found not guilty of a major misconduct charge will be reinstated to his employment and paid back pay. Reinstatement and back pay, however, are expressly contingent upon the inmate not being reclassified pursuant to PD-BCF-40.01. In this case, Seals was reclassified. Therefore, the prison policy directive specifically excluded Seals from mandatory reinstatement and back pay.
 
 
 9
 In light of the foregoing evidence, Seals was required, yet failed, to present significant probative evidence in support of his due process claim to defeat the motion for summary judgment. Anderson, 477 U.S. at 248-49; LaPointe, 8 F.3d at 378. In order to defeat the motion for summary judgment, Seals would have to present significant probative evidence to support his claim that he had a protected interest in his prison employment. Because Seals cannot show that he has a protected interest in his prison job, summary judgment for the defendants was proper.
 
 
 10
 The defendants also met their burden of showing an absence of evidence to support Seals's claim of retaliation. Seals claimed that the defendants retaliated against him for filing a prison grievance. His claim is confusing because the retaliatory conduct he complains of (termination from his job), preceded the filing of the grievance. Inasmuch as Seals was fired before he filed his prison grievance, it is factually impossible for his firing to be the result of retaliatory conduct. In his objections to the magistrate judge's report and recommendation, Seals modified his claim slightly to argue that it was his transfer, which occurred after his filing of the grievance, rather than his termination, that he contends was retaliatory. A First Amendment violation is asserted if an inmate claims he was transferred in retaliation for exercising his constitutional rights. Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987). The chronology of events from which Seals complains, however, makes it impossible to infer some sort of retaliatory animus on the part of the defendants. Seals was fired from his job in the kitchen before he filed a grievance. Therefore, his termination cannot be the result of a retaliatory animus. In addition, he modified his claim only after the magistrate judge found his claim to be factually nonsensical which indicates a willingness to contort the claim in order to state a cause of action. More importantly, in light of the evidence presented by the defendants, Seals was required to present significant probative evidence in support of his claim. See Anderson, 477 U.S. at 248-49; LaPointe, 8 F.3d at 378. In short, Seals failed to present significant probative evidence to support his claim; he offers nothing in support of his claim but merely alleges the ultimate fact of retaliation, and alleging the ultimate fact of retaliation is insufficient. See Benson v. Cady, 761 F.2d 335, 342 (7th Cir.1985).
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.