12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hollis Craig TURNER, also known as Terry Lee Lewis,
Plaintiff-Appellant,
v.
FAYETTE COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellee.
 No. 93-5949.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1993.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Hollis Craig Turner, an inmate at the Carter County Work Camp in Roan Mountain, Tennessee, appeals from a district court order dismissing, sua sponte, his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed suit against the Fayette County, Kentucky, Sheriff's Department alleging that his equal protection rights under the Fourteenth Amendment were denied because the defendant failed to arrest his ex-girlfriend, Connie S. Ramsey.
 
 
 4
 In December of 1992, while an inmate in the Fayette County Jail, plaintiff alleged that he swore out an arrest warrant for his then girlfriend. Plaintiff claimed that his girlfriend stole his van and other personal property. He also claimed that he informed the Fayette County Sheriff's Department of the names of two persons who had possession of the van and where they could be found. Plaintiff's complaint alleged that the defendant violated his constitutional rights by failing to act on the arrest warrant.
 
 
 5
 The case was submitted to a magistrate judge who recommended that plaintiff's complaint be dismissed sua sponte pursuant to 28 U.S.C. Sec. 1915. The basis of the magistrate judge's recommendation was that plaintiff failed to set forth sufficient facts to establish defendant's liability and, therefore, failed to establish a right to relief under 42 U.S.C. Sec. 1983. The district court adopted the magistrate judge's report and recommendation as the opinion of the court over plaintiff's objections.
 
 
 6
 Upon review, we affirm the order of the district court for reasons other than those set forth in the magistrate judge's report and recommendation as adopted by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 7
 A district court may not sua sponte dismiss a plaintiff's suit unless it first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint or unless it dismisses the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d). See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983).
 
 
 8
 A complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable basis in fact describe fantastic or delusional scenarios. Id. at 325 ("fanciful factual allegation[s]"). Plaintiff's factual allegations do not fall within the Neitzke definition of a fantastic or delusional scenario.
 
 
 9
 Nevertheless, a complaint may also be dismissed, sua sponte, where a plaintiff claims the infringement of a legal interest which clearly does not exist. Id. at 327. In this case, plaintiff does claim the infringement of a legal interest which clearly does not exist. He claims a violation of his equal protection rights under the Fourteenth Amendment yet alleges neither intentional discrimination nor membership in a protected class. Johnson v. Morel, 876 F.2d 477, 479 (5th Cir.1989) (en banc); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). Additionally, assuming plaintiff has a state created right to swear out complaints upon which the defendant must make arrests, federal courts are without authority to direct state officials to conform their conduct to state law. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984).
 
 
 10
 Accordingly, the order of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation