51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cory Wayne McFARLAND, Plaintiff-Appellant,
v.
Mark H. LUTTRELL, Warden; Janisse Bishop; Susie
Boswell-Boykin; C. Mallory; D. Mills; Jane Doe;
John Doe, Defendants-Appellees.
 No. 94-6231.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment dismissing his civil rights complaint filed under 28 U.S.C. Sec. 1331 pursuant to the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). He also moves for the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and injunctive relief, Cory Wayne McFarland sued the Warden (Luttrell) at the Federal Correctional Institution (FCI) in Manchester, Kentucky, two case managers (Bishop and Boswell-Boykin), a correctional counselor (C. Mallory), the mailroom officer (D. Mills), and other John and Jane Doe officers, agents, servants, employees or representatives at FCI-Manchester in their individual capacities.
 
 
 4
 McFarland claimed that: 1) the defendants violated his Fourteenth Amendment due process and equal protection rights because he has not been transferred to a low security facility consistent with his security classification; 2) the defendants violated his First and Fifth Amendment right of access to the courts because his incoming and outgoing mail is being opened, read and withheld in an arbitrary and capricious manner; 3) the defendants violated his First Amendment right of access to the courts because he is being retaliated against for exercising his constitutional rights; and 4) the defendants violated his Fifth and Eighth Amendment rights because they are deliberately indifferent to his safety by confining him in a high/medium security facility. McFarland also asserted a state tort claim that defendants have intentionally inflicted emotional distress on him.
 
 
 5
 A magistrate judge recommended that McFarland's complaint be dismissed sua sponte pursuant to 28 U.S.C. Sec. 1915(d). The district court adopted the recommendation over McFarland's objections.
 
 
 6
 In his timely appeal, McFarland reasserts the claims set forth in the district court.
 
 
 7
 This court reviews a dismissal under 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint, permitted to be filed without prepayment of costs under 28 U.S.C. Sec. 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims of infringement of a legal interest which clearly does not exist. Id. at 327-28. Claims that lack an arguable or rational basis in fact describe delusional scenarios. Id. Section 1915(d) accords judges the unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Id. at 327.
 
 
 8
 Upon review, we conclude that the district court properly dismissed McFarland's first claim because it is frivolous. In his first claim, McFarland contends that a recommendation issued by the institutional classification review committee created a liberty interest in his being transferred to a low security facility. Allegedly, the defendants deprived him of that liberty interest without due process of law and in derogation of his equal protection rights. McFarland explains that defendants Luttrell, Bishop, Boswell-Boykin, and Mallory refused to transfer him to a low security facility consistent with his security classification.
 
 
 9
 McFarland's claim is frivolous because he is asserting the infringement of a legal interest that clearly does not exist. The defendants did not deprive McFarland of a protected liberty interest without due process of law because a liberty interest is simply not implicated in this case. There is no inherent constitutional right to placement in any particular prison, Olim v. Wakinekona, 461 U.S. 238, 245 (1983), or in a particular security classification. Montanye v. Haymes, 427 U.S. 236, 242 (1976). McFarland apparently rests his claim on an institutional program review committee report (attached to complaint) that recommended transfer to a low security facility or "[p]lace [m]gmt. [v]ariable." A liberty interest may be created by regulation or guideline but only if it uses "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed," Hewitt v. Helms, 459 U.S. 460, 471 (1983), which thereby place substantive predicates on the officials' discretion that mandate a particular result if that predicate is met. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989). Nothing contained in the report, however, creates a mandatory imperative giving rise to a legitimate expectation of a transfer to a low security facility. See generally Codd v. Brown, 949 F.2d 879, 882 (6th Cir.1991) (use of permissive language in statute does not create a legitimate expectation). The committee's report merely made a recommendation in the comment section of the report and did not create an enforceable liberty interest.
 
 
 10
 McFarland's equal protection claim is also frivolous because it likewise asserts infringement of a legal interest which clearly does not exist. It is incumbent on one asserting an equal protection claim to prove the existence of some purposeful discrimination. McCleskey v. Kemp, 481 U.S. 279, 292 (1987). A plaintiff must establish that a government official intentionally discriminated against him because of his membership in a protected class. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). Thus, McFarland must establish that an official intentionally discriminated against him because of his poverty, race, or some other unreasonable classification. See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). In the present case, McFarland did not allege facts which could support an equal protection claim because he did not identify any suspect class, nor did he cite to any conduct that is being selectively applied to his disadvantage. McFarland is a white male prisoner. Thus, his equal protection claim fails because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment. Id.
 
 
 11
 Upon review of his second claim, however, we conclude that the district court improperly dismissed this claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d). McFarland claimed that defendant Mills violated his right of access to the courts under the First and Fifth Amendments by intentionally opening, reading, and withholding his incoming and outgoing specially marked legal mail, outside of his presence, in an arbitrary and capricious manner, and in retaliation for his exercise of his constitutional rights. In this instance, McFarland's claim is not frivolous. A case is frivolous if it relies on an indisputably meritless legal theory or factual contentions which are clearly baseless. Neitzke, 490 U.S. at 327-28. McFarland's claim does not rely on a meritless legal theory. A prisoner's right to receive mail is protected by the First Amendment. Knop v. Johnson, 977 F.2d 996, 1012 (6th Cir.1992) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974)), cert. denied, 113 S.Ct. 1415 (1993). In addition, it is clearly established that prisoners have a constitutionally protected right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Procunier v. Martinez, 416 U.S. 396, 419 (1974), overruled in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989). Moreover, the concept of "meaningful access" encompasses the reasonable opportunity to communicate with an attorney. Procunier, 416 U.S. at 419 (citing Ex parte Hull, 312 U.S. 546 (1941)). Thus, a prison official's interference with a prisoner's legal mail may violate a prisoner's constitutional right of access to the courts. See Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir.1993), cert. denied, 114 S.Ct. 1081 (1994).
 
 
 12
 In addition, McFarland's claim is not clearly baseless. A finding of frivolity under Sec. 1915(d) will be appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. McFarland's claim is not wholly incredible. He claims with specificity that Mills opened an envelope, specially marked as legal mail, outside his presence. Opening legal mail outside of an inmate's presence " 'effectively chills access to a governmental entity that is intimately related to the administration of justice,' " Muhammad v. Pitcher, 35 F.3d 1081, 1083-84 (6th Cir.1994) (quoting Stover v. Carlson, 413 F.Supp. 718, 723 (D.Conn.1976)), and the chilling effect on one's constitutional rights constitutes a present injury in fact. See id. at 1084. Thus, the district court abused its discretion by dismissing this claim as frivolous pursuant to Sec. 1915(d).
 
 
 13
 The district court properly dismissed McFarland's third claim as frivolous. As his third claim, McFarland contends that the defendants violated his First Amendment right of access to the courts in retaliation for his exercise of his constitutional rights by not granting him a transfer to a low security facility, by not permitting him to make telephone calls to a district court in North Carolina where he has a 28 U.S.C. Sec. 2255 action pending, and by not permitting him to make a telephone call to his probation office. The First Amendment right of access to the courts ensures prisoners and pretrial detainees meaningful access to the courts including paper and pen, notarial services, stamps, and either an adequate law library or adequate assistance from persons trained in the law. Bounds, 430 U.S. at 824-28. Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. See id. Second, as for all other types of civil actions, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate accessibility to the courts. Knop, 977 F.2d at 1009. McFarland's claim that defendants Luttrell, Bishop, Boswell-Boykin, and Mallory refused to transfer him to a low security facility in retaliation for his litigation is baseless. The district court may "pierce the veil of the complaint's factual allegations," Neitzke, 490 U.S. at 327, and is not bound to accept without question the truth of the plaintiff's allegations. Denton, 112 S.Ct. at 1733. McFarland does not show who, when, or how any one of the defendants specifically refused a specific request for a transfer. Nowhere in his complaint has McFarland set forth any facts tending to establish that any of the defendants did anything that would indicate that retaliation was a factor.
 
 
 14
 McFarland's claim that defendants Boswell-Boykin and Mallory violated his right of access to the courts by not permitting him to call a district court in North Carolina does not constitute a First Amendment violation. McFarland does not allege that the defendants did not provide affirmative assistance in the preparation of legal papers in a case involving his constitutional rights, that prison officials erected barriers that impeded his access to the courts, or how he was adversely affected by the defendants' conduct. Therefore, he failed to allege conduct that amounts to a denial of the right of access to the courts under Johnson v. Avery, 393 U.S. 483, 485-86 (1969), or Bounds, 430 U.S. at 824-25.
 
 
 15
 McFarland's claim that defendants Boswell-Boykin and Mallory violated his right to access to the courts by not permitting him to call his probation office is similarly baseless. McFarland cites to no authority for the proposition that he is entitled to access to his probation office, nor does he allege that he was unable to communicate with his probation office by other means, or that any ongoing litigation was adversely affected.
 
 
 16
 McFarland's fourth claim is frivolous. McFarland asserts that the defendants violated his rights under the Eighth and Fifth Amendments by being deliberately indifferent to his security needs. He argues that the defendants are being deliberately indifferent to his safety by keeping him in FCI-Manchester. Prison officials may be held liable when they fail to protect an inmate from a serious assault about which they had an actual and specific reason to believe may occur. See, e.g., Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993) (no claim stated given lack of actual knowledge that threat was imminent and extreme); Gibson v. Foltz, 963 F.2d 851, 853-54 (6th Cir.1992) (negligence in performing duties that may have prevented inmate assault is insufficient to state a claim); Marsh v. Arn, 937 F.2d 1056, 1060-61 (6th Cir.1991) (no claim stated given lack of actual knowledge that threat was imminent and extreme). McFarland does not allege that the defendants have actual knowledge that his safety is in imminent and extreme danger, or that there is a specific risk of harm to him. Instead, McFarland simply contends that his life and personal safety are in danger because the defendants have not transferred him to a low security facility. At best, McFarland intimates that he is vaguely uneasy about being a white prisoner. He complains that the prison does not employ enough guards to protect him and that he will become more vulnerable to attack when he loses the protection of his cellmate. Nothing contained in his pleadings indicates that McFarland is in imminent danger. Rather, McFarland's pleadings clearly reveal that his uneasiness is merely speculative and not based on any specific threat or risk of harm to him. Thus, it is impossible for the defendants to have actual knowledge of a specific threat or risk of harm based on McFarland's pleadings and impossible for the defendants to be deliberately indifferent to McFarland's safety.
 
 
 17
 McFarland's final claim is that the defendants intentionally inflicted emotional distress on him. He claims that the stress brought on by the defendants' conduct has adversely affected his health. McFarland's claim is based in state tort law and does not state a constitutional violation for purposes of an action seeking monetary damages because the violation of state law, without more, is not a constitutional violation for purposes of Sec. 1983. See White v. Gerbitz, 892 F.2d 457, 461 (6th Cir.1989).
 
 
 18
 Accordingly, we deny McFarland's motion for the appointment of counsel without prejudice to his right to renew it in the district court, affirm the district court's judgment dismissing McFarland's claims enumerated 1, 3 and 4 above and vacate the district court's judgment dismissing McFarland's second claim enumerated above, and remand for further proceedings on that claim. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation